MAURICE WINNER ET AL. *v.* JOHN BRANDON, ADMINISTRATOR.

1. CHANCERY COURT. *Oral testimony. Notice. Agreement.* Code 1892, § 1764.

In the absence of notice or agreement oral testimony is not admissible in the chancery court in a proceeding by an administrator to require the delivery of personal property to him, under Code 1892, § 1764, providing for the examination of witnesses in open court under certain conditions.

2. SAME. *Probate court jurisdiction.*

The Code section, Code 1892, § 1764, is restrictive and not enlarging, and requires a notice or agreement in writing in matters which were of probate court jurisdiction before the adoption of the Constitution of 1869.

HON. STONE DEVOURS, Chancellor.

John Brandon, administrator of the estate of William Brandon, deceased, appellee, was complainant or petitioner in the court below; Winner and others, appellants, doing business under the name of Winner & Meyer, were defendants there. From a decree adverse to them, defendants appealed to the supreme court.

William Brandon died November 30, 1899, and on the 14th day of that month letters of administration on his estate were granted to John Brandon. On the same day an appraisement was returned, in which it was stated that there were two bales of cotton in the hands of Winner & Meyer that belonged to the estate. This cotton was not turned over to the administrator by

Winner & Meyer, and he filed his application against them, requiring them to show cause why they should not turn over the cotton. Winner & Meyer answered this petition. At the May term, 1903, the cause came on for hearing, and several witnesses were introduced by the administrator, who testified orally. Winner & Meyer objected to the introduction of this oral testimony because no notice had been given them that complainant would examine his witnesses in open court, and no agreement in writing had been entered into between the complainant or petitioner and defendants that the witnesses might be introduced in open court. The court overruled the objection, and the witnesses were permitted to be examined in open court.

*Ethridge & McBeath,* for appellant.

The learned chancellor erred in admitting the oral testimony over objections of counsel for appellant. Sec. 1764, Code 1892, provides that: "In all proceedings in matters testamentary and of administration, in minor's business, and in cases of persons of unsound mind, and on the hearing of motions to confirm sales, and in similar cases, witnesses may be produced and examined in open court, or their depositions may be taken as in other cases in chancery court. In all cases where a party shall desire to have the witnesses examined in open court, he shall, before any depositions may be taken, file a notice to that effect, or the parties may agree in writing in any case to have all or a part of the witnesses examined in open court."

But in this case counsel filed no notice to the effect that he would take the testimony of his witnesses in open court, and there was no agreement in writing between the parties that the witnesses might be examined in open court. It occurs to us that section 1764 should not need the supreme court of our state to construe it, as it is very plain. But the court in the case of *Cox* v. *Kyle,* 75 Miss., 667, which was a case coming under section 1764, Code 1892, says:

---

---

"The want of any proof of the necessity or the propriety of the sale is apparent upon the face of the record. A recital in the decree of the taking of oral proof does not cure the defect. Such oral proof is admissible in matters of this kind only when notice is filed or the written agreement of the parties are made therefor under section 1764, Code 1892."

Certainly this decision is decisive of the point raised and the cause should be remanded, because the oral testimony was introduced.

*Miller & Baskin,* for appellee.

If appellant intended in good faith to rely upon the want of notice that oral testimony would be introduced, why did they not deny the administrator's petition, why did they not notify the administrator while they were getting the postponements that oral testimony was objectionable, why did they offer Mr. Winner, and when his testimony was excluded, why did they not stop and rest their case on the objection to oral testimony? Instead they offered oral testimony themselves, and if the chancellor had believed that it justified a finding in behalf of appellants we would never have had any errors. As the chancellor determined against appellants they bring the case here, thereby hoping to either force the administrator to settle with them or incur a cost bill, which will greatly decrease the little estate in his hands.

The application of the administrator under oath filed on November 21, 1902, gave appellant's written notice that the dispute was to be submitted orally, without any formality; the answer of the appellants did not deny this written notice.

CALHOON, J., delivered the opinion of the court.

We think there was error in admitting oral testimony without an agreement "in writing" that it might be offered, or a "notice to that effect" filed in the cause. We had occasion to

carefully examine Code 1892, sec. 1764, in *Dickerson* v. *Askew,* Ante, 436; s. c., 34 South., 157, in the light of the history of the law previous and subsequent to the Constitution of 1869, and held in that case that the section was restrictive, and not enlarging, so far as notice or agreement is concerned, and that notice or agreement in writing is now necessary even in matters which would have been of probate court jurisdiction under the law existing before that constitution. Objection to the oral evidence was promptly made when offered, and exception taken to its being overruled.

*Reversed and remanded.*